**JED CHEDID, ESQ. (Ohio Bar No. 101457)**
(Admitted *Pro Hac Vice*)
**Chedid & Co., LLC**
38355 Terrell Dr.
North Ridgeville, Ohio, 44039
Phone: (440) 581-2075
jchedid@chedidlegal.com

**NSAHLAI LAW FIRM**
**EMMANUEL NSAHLAI,** SBN (207588)
email: nsahlai.e@nsahlailawfirm.com
10490 WILSHIRE BLVD, STE 1600
LOS ANGELES, CA 90024
Tel (213) 797-0369
Fax (213) 973-4617

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVO TANKU TAPANG**, | § **Case No.**: 2:25-cv-01794 |
| | § |
| Plaintiff, | § **DEFENDANT EMMANUEL** |
| | § **NSAHLAI'S REQUEST FOR** |
| vs. | § **JUDICIAL NOTICE IN SUPPORT** |
| | § **OF MOTION SPECIAL MOTION** |
| **EMMANUEL NSAHLAI**. | § **TO STRIKE AND MOTION TO** |
| Defendant. | § **DISMISS** |
| | § |
| | § |
| | § **Date**: June 17, 2025 |
| | § **Time**: 1:30 pm |
| | § **Judge**: Stephanie S. Christensen |
| | § **Action Filed**: March 02, 2025 |
| | § **Trial Date**: Not Set |
| | § |

1
2
3
4
5

DEFENDANT EMMANUEL NSAHLAI'S REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE UNDER
CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 AND MOTION TO
DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

6
7

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

8
9
10
11
12
13
14
15

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Evidence 201 and
California Evidence Code §§452 and 453, Defendant Emmanuel Nsahlai respectfully
requests that this Court take judicial notice of the following documents and facts in
support of his Special Motion to Strike under California's anti-SLAPP statute (Cal.
Civ. Proc. Code §425.16) and Motion to Dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6).

16
17
18
19
20
21

1. **Exhibit A**: Notice of Motion and Motion to Dismiss, filed by plaintiff's attorney
   in Case, USDC, Northern District of California, Case No.: 18-cv-07721-NC,
   Docket 32-1, Exhibit 5, pages 58-63 – Relevant to demonstrate ongoing
   complaints against Plaintiff for terrorism and immigration fraud.

22
23
24
25
26
27

2. **Exhibit B**: Selected criminal complaints filed with the Federal Bureau of
   Investigations, the Department of Homeland Security, Houston Police, Los
   Angeles Police Department against Tapang for terrorism and immigration fraud –
   Relevant to demonstrate ongoing complaints against Plaintiff for terrorism and
   immigration fraud.

28

3. **Exhibit C**: Civil Complaint filed against plaintiff for terrorism and immigration fraud, among other torts – relevant to demonstrate ongoing complaints and litigation privilege, Case, USDC, Northern District of California, Case No.: 18-cv-07721-NC.

4. **Exhibit D**: Declaration of plaintiff Tapang, USDC, Northern District of California, Case No.: 18-cv-07721-NC, Document 96-1. – relevant to demonstrate plaintiff is a limited public figure because he admits being an advocate for "secession and self-determination rights of the former British Southern Cameroons. I published a YouTube channel where I comment on the secession/self-determination movement …..); Further relevant to show that plaintiff calls his territory "Ambazonia".; Further relevant to show that plaintiff is a limited public figure because a google of his name appears in search engines and results indicate he is a "terrorist."; further relevant to show limited public figure as "fellow Cameroonians have contacted me to ask him……" about the case.

5. **Exhibit E**: Defendant Tapang's Response to Plaintiff's Request for Admission, Set One – Relevant at Admission 12 to demonstrate that Plaintiff made statement on Facebook about elite Red Dragon Forces of the ADF; relevant at Admission 14 to show that Plaintiff made statement on Facebook about raising funds of $21,653 for his movement; relevant at Admission 18 to show that plaintiff was "spokesman" of the Ambazonia Defense Forces, Admission 20 - 23, plaintiff

-2-

admits "we have attacked and burned the terrorist gendarme station in Penda Mboko.." . These admissions are relevant to establish that plaintiff is a limited public figure. It is further relevant to establish that plaintiff is involved as a Spokesman of the ADF in acts of terrorism, or raising funds, burning buildings, and control of "Red Dragon Forces.

6. **Exhibit F**: The Court takes judicial notice of U.S. Department of Justice prosecutions in Missouri of Ambazonians for providing material support to terrorists under 18 U.S.C. § 2339B. Court records in criminal cases *United States v. Francis Chenyi*, 4:22-cr-00261-RK (W.D. Mo.) and similar cases - relevant to show that USA prosecutors charge plaintiff's "Ambazonia" members for "material support of terrorism" for their collaboration with Ambazonia fighters in Cameroon; further relevant to show that USA prosecutors label Ambazonia fighters as "terrorists/"

7. **Exhibit G**: Publicly Archived Facebook Video of Plaintiff Tapang Ivo Tanku - Relevant to judicially notice Plaintiff's explicit statement advocating kidnapping and demanding ransom from U.S. citizens vacationing in Cameroon.

8. **Exhibit H**: Compilation of Plaintiff Tapang Ivo Tanku's Public Facebook Posts Relevant to judicially notice Plaintiff's direct incitement, orders, and endorsement of violence including burning, kidnapping, and harm to civilians.

9. **Exhibit I**: Public Identification of Plaintiff as ADF Spokesperson - Public records and media reports identify Plaintiff, Ivo Tanku Tapang, as a

spokesperson for the ADF, involved in disseminating information and propaganda on behalf of the organization.

10. **Exhibit J**: Norwegian police arrested Lucas Ayaba Cho, leader of the Ambazonia Governing Council (AGovC) and its armed wing, the Ambazonia Defence Forces (ADF), on charges of incitement to commit crimes against humanity in Cameroon – relevant to show prosecution of ADF members for crimes

11. **Exhibit K**: U.S. Department of State 2020 Human Rights Report (Cameroon), March 2021. - Relevant to establish official recognition of the Ambazonia Governing Council (AGC) as a major separatist entity.

12. **Exhibit L**: U.S. Department of State 2022 Human Rights Report (Cameroon), March 2023. - Relevant to confirm documented activities of the Ambazonia Defense Forces (ADF) including abduction of officials.

13. **Exhibit M**: U.S. House Resolution 358 (116th Congress), July 23, 2019. - Relevant to show Congressional acknowledgment of separatist armed groups in Cameroon.

14. **Exhibit N**: Congressional Research Service Report "Cameroon: Key Issues and U.S. Policy" (R46919), September 22, 2021. - Relevant for authoritative U.S. government analysis recognizing AGC and ADF leadership and structure.

15. **Exhibit O**: U.S. Department of State Country Reports on Terrorism 2021 (February 2023). - Relevant to confirm the ADF or AGC as violent separatists organizations by the U.S. government.

16. **Exhibit P**: Amnesty International Report, "A Turn for the Worse: Violence and Human Rights Violations in Anglophone Cameroon," June 12, 2018. - Relevant to confirm international recognition of the ADF as a prominent armed separatist group.

17. **Exhibit Q**: The New Humanitarian article, "Ahead of peace talks, a who's who of Cameroon's separatist movement," July 2020. - Relevant to establish public knowledge of AGC leadership structure and relationship with the ADF.

18. **Exhibit R**: Immigration and Refugee Board of Canada Response to Information Request CAM106126, August 30, 2018. - Relevant as official administrative acknowledgment of ADF's activities and notoriety in an international legal context.

19. **Exhibit S**: Publicly posted apology letter from Tapang - Publicly posted letter from Tapang, posted on Facebook, in which he admits he is a "freedom fighter, Spokesman of the Ambazonia Defense Forces, and admitting the ADF picked up arms for their movement.

20. **Exhibit T**: Defendant's Tapang response to Plaintiff's Special Interrogatories, Set1, in a prior terrorism Civil case – Relevant to establish his involvement,

wherein he made adoptive admission in verified interrogatories regarding publication of facebook post.

21. **Exhibit U**: Defendant Tapang's verified response to Plaintiff's Request for Production, in *Doe v. Tapang*, Case No. 5:18-cv-07221 (N.D. Cal.) – Relevant to establish his involvement in ADF activities.  In prior litigation, Tapang was served with discovery requests regarding his ADF affiliation, social media activity, and fundraising for separatist violence. In verified responses, he did not deny authorship or involvement, and instead invited inspection of responsive documents—tacitly confirming their existence and relevance.

## II. LEGAL BASIS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), the Court may judicially notice a fact that is not subject to reasonable dispute because it:

- Is generally known within the trial court's territorial jurisdiction; or
- Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Similarly, California Evidence Code §452 permits judicial notice of:

- Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States;

- Facts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute; and

- Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.

It is proper for a federal court to take judicial notice of court documents, including those from a state court, "if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal quotations and citations omitted). It is also appropriate for a court to take judicial notice of documents or videos of which a plaintiff was aware. *Fudge v. Penthouse International, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991). The above documents are the proper subject of judicial notice as they are "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, federal courts take judicial notice of the existence of filings in other cases and of press releases. *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009). A court can take judicial notice of pleadings in another action. *In re Qualcomm Antitrust*

-7-

*Litigation*, 292 F.Supp.3d 948 (N.D. Cal. 2017) (taking judicial notice of an amended complaint filed in a different action, but not of the facts contained therein).

In support of the motion to dismiss and special motion to strike under California's anti-SLAPP statute, Defendant respectfully requests that the Court take judicial notice of the following materials, which substantiate the factual assertions regarding Plaintiff's activities and affiliations:

1. **Plaintiff's Public Admissions and Affiliations**:

    ○ That Plaintiff's Facebook Posts are Plaintiff's publicly issued statements.

    ○ That Plaintiff's responses in his Requests for Admissions are Plaintiff's statements.

    ○ Video and social media evidence depicting statements by Plaintiff advocating for kidnappings, destruction of property, and attacks on Cameroonian civilians and officials are Plaintiff making those statements.

    ○ That Plaintiff has made statements in support of a "liberation tax" on diaspora members and solicited funds to support armed insurrection.

2. **Fundraising Activities Supporting Violent Actions**:

    ○ Plaintiff has attempted to engage in fundraising activities campaigns on U.S.-based platforms such as PayPal and Facebook to support the ADF's activities.

3. **Legal Proceedings and Governmental Actions**:

       ○   U.S. federal indictments in *United States v. Alambi Walters*, No. 1:21-cr-00194 (W.D. Mo.), involve individuals associated with the ADF.

       ○   ADF President Cho Lucas Yabah was arrested in Norway for crimes against humanity.

4. **Immigration Filings and Alleged Omissions**:

       ○   Plaintiff is subject to asylum eligibility restrictions under 8 U.S.C. §1158(b)(2)(A)(v) and 8 U.S.C. §1182(a)(3)(B).

5. **Civil Litigation Involving Plaintiff**:

       ○   Plaintiff is a defendant in *Doe v. Tapang*, Case No. 5:18-cv-07221 (N.D. Cal.), a case involving allegations related to his activities with the ADF.

Plaintiff is aware of the above facts and documents, and they are not reasonably subject to dispute.

## III.    CONCLUSION

Defendant respectfully requests that the Court take judicial notice of the aforementioned documents and facts, as they are pertinent to the defenses asserted in the anti-SLAPP and Rule 12(b)(6) motions.

Date: April 25, 2025                    Respectfully Submitted,

By: /S/ Jed Chedid, Esq.

**Jed Chedid, Esq. (Ohio Bar No. 101457)**
(Admitted *Pro Hac Vice*)
**Chedid & Co., LLC**
38355 Terrell Dr.
North Ridgeville, Ohio, 44039
Phone: (440) 581-2075
jchedid@chedidlegal.com

**NSAHLAI LAW FIRM**
**EMMANUEL NSAHLAI,** SBN (207588)
email: nsahlai.e@nsahlailawfirm.com
10490 WILSHIRE BLVD, STE 1600
LOS ANGELES, CA 90024
Tel (213) 797-0369
Fax (213) 973-4617

Attorney for Defendant

1
2

## **CERTIFICATE OF SERVICE**

3
4        I HEREBY CERTIFY that on April 25, 2025, I directed that the foregoing

document be electronically filed with the Clerk of the Court by using the CM/ECF
5
6
system.

7
8                                  By: *Jed Chedid, Esq.*
9                                  Jed Chedid, Esq.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-