**JED CHEDID, ESQ. (Ohio Bar No. 101457)**
(Admitted *Pro Hac Vice*)
**Chedid & Co., LLC**
38355 Terrell Dr.
North Ridgeville, Ohio, 44039
Phone: (440) 581-2075
jchedid@chedidlegal.com

**NSAHLAI LAW FIRM**
**EMMANUEL NSAHLAI,** SBN (207588)
email: nsahlai.e@nsahlailawfirm.com
10490 WILSHIRE BLVD, STE 1600
LOS ANGELES, CA 90024
Tel (213) 797-0369
Fax (213) 973-4617

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVO TANKU TAPANG**, | § Case No.: 2:25-cv-01794 |
| | § |
| Plaintiff, | § **DEFENDANT'S REPLY TO** |
| | § **PLAINTIFF'S OPPOSITION TO** |
| vs. | § **THE SPECIAL MOTION TO** |
| | § **STRIKE AND MOTION TO** |
| **EMMANUEL NSAHLAI**. | § **DISMISS** |
| Defendant. | § |
| | § |
| | § **Date**: July 22, 2025 ( Hearing via |
| | § Zoom) |
| | § **Time**: 11:00 a.m. |
| | § **Judge**: Hon. Stephanie S. Christensen |
| | § **Action Filed**: March 02, 2025 |
| | § **Trial Date**: Not Set |
| | § |

-1-

1

## I.    INTRODUCTION

2

Plaintiff's opposition fails to salvage his defamation claim from the protective

3

ambit of the First Amendment, California's anti-SLAPP statute, or the Rule 12(b)(6)

4

5

pleading threshold. The opposition improperly relies on hearsay, mischaracterized

6

pleadings, and fundamentally flawed assumptions regarding legal privilege,

7

publication, and the character of the protected activity at issue. While Plaintiff relies

8

on other cases – he fails to indicate that these cases were not resolved on the merits –

9

10

and no finding was ever made as to whether Plaintiff has been involved in terrorist

11

conduct. Most concerning, Plaintiff's request for "unredaction" is not only

12

procedurally defective but substantively dangerous—seeking to expose the identities

13

14

of law enforcement officers whom Plaintiff has previously attempted to contact

15

directly, despite explicit disclaimers in those officers' email footers prohibiting

16

disclosure to unauthorized third parties.

17

## II.    PLAINTIFF'S CLAIMS ARISE FROM DEFENDANT'S PROTECTED ACTIVITY

18

19

Plaintiff argues that his claims do not arise from Defendant's protected activity,

20

21

seemingly blending multiple arguments in doing so. Plaintiff cites to (*Gazala v.*

22

*Echeverria* (2024) 101 Cal.App.5th 34 [319 Cal.Rptr.3d 587]), and not only misreads

23

it – but also mistakenly applies it to this case. Even if *Gazala* were dispositive – which

24

25

it is not - the *Gazala* defendant relied exclusively on Cal. Code § 425.16(e)(3) and

26

(e)(4) because in *Gazala* – unlike here – there was no report made by an attorney or

27

to a government agency which implicates Cal. Code § 425.16(e)(3) or (e)(4).

28

While Defendant can rely on Cal. Code § 425.16(e)(3)-(4), he can also rely on Cal. Code § 425.16(e)(1) and (2), which provide that protected activity is: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law. *Gazala*, like Plaintiff's brief, does not address Cal. Code § 425.16(e)(3)-(4).

But the provisions of Cal. Code § 425.16(e)(1) and (2) are applicable here. See the very similar matter of (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400 [103 Cal.Rptr.2d 174].) In *Dowling*, an attorney was sued for defamation, among other causes of action, after issuing a letter to a property manager requesting an investigation and asserting multiple instances of misconduct. *Id*., at *9. The *Dowling* court found that the letter was protected activity under Cal. Code § 425.16(e)(2) and (4). *Id*., at *18. Moreover, the *Dowling* court found that plaintiff could not succeed on the merits of a defamation cause of action against an attorney operating in their professional capacity. *Id*., at *20.

Plaintiff's reliance on *Gazala's* conclusion is also misses the mark. The *Gazala* court – for the purposes of argument – assumed that the homily of defendant deacon was protected activity. (*Gazala*, 101 Cal.App.5th 34, 41). However, it held that plaintiff's claims did not arise from the homily, but rather from conduct that occurred

1    after the homily. *Id*. Therefore the conduct in *Gazala* was not protected activity. The

2    *Gazala* court illustrates this as follows:

3
4              As the trial court observed, the homily "set in motion a
              series of events that resulted in the claimed misconduct."
5              Certainly the homily inspired plaintiff to offer to buy a car
              and a house for the destitute family described in the homily.
6              But that is as far as it goes. Plaintiff would have no claims
              were it not for the conduct he alleged in seven of his causes
7              of action: defendants' conduct of buying the house in
              SOFESA's name rather than in the name of the family, and
8              using the donation for items never discussed or agreed
              upon.1 The homily does not supply an element of any of
9              those claims.

10
11             *Id*., at * 42.

12       At first glance, this circumstance in *Gazala* does not exist here. It is clear that

13   Plaintiff's claim for defamation arises directly from Defendant's protected activity –

14   attorney correspondence issued to government agencies. If not for the correspondence

15   issued by Defendant, there would be no claim for defamation. *See Navellier v. Sletten*,

16   29 Cal. 4th 82, 90, 124 Cal. Rprt. 2d 530, 537, 52 P.3d 703, 709 (2002) ("In fact, but

17   for the federal lawsuit and Sletten's alleged actions taken in connection with that

18   litigation, plaintiffs' present claims would have no basis.") Therefore, Plaintiff's claim

19
20   for defamation arises from Defendant's protected activity.

21       Plaintiff next seems to argue that Defendant's defense is barred because

22
23   Defendant issued the letter as a correspondence to government agencies – as opposed

24   to sharing the correspondence publicly. Plaintiff again misreads the law. First, Cal.

25
26   Code § 425.16(e)(1) and (2) do not have a public issue or public forum requirement.

27

28

*Tapang v. Nsahlai*                         Case .No. 2:25-cv-01794
DEFENDANT'S RJN RE : ANTI-SLAPP AND MOTION TO DISMISS

1    (*Dowling,* 85 Cal.App.4th 1400, 1416) ("a defendant who brings a special motion

2    under section 425.16 to strike a lawsuit that arises from such protected conduct is not

3    required to plead and prove that the defendant's statements involved an issue of public

4    interest.") Moreover, Cal. Code § 425.16(e)(4) has no public forum requirement –

5    only a "public issue" or "issue of a public interest" requirement.

6

7    As explained by the California Supreme Court, "[a]t least as to acts covered by

8    clauses one and two of section 425.16, subdivision (e), the statute requires simply any

9    writing or statement made in, or in connection with an issue under consideration or

10   review by, the specified proceeding or body." (*Briggs v. Eden Council for Hope &*

11   *Opportunity* (1999) 19 Cal.4th 1106, 1116 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

12   Defendant has met this standard.

13

14   Indeed, California courts are well-settled that filing reports to government

15   agencies constitute protected activity within the ambit of section 425.16. Indeed,

16   "statements to law enforcement officers qualify as protected activity under the anti-

17   SLAPP statute as 'any written or oral statement or writing . . . made in connection

18   with . . . [an] official proceeding authorized by law.'" *Grabow v. City of Palos Verdes*

19   *Est's.*, No. CV 23-7238-SSS(E), 2024 U.S. Dist. LEXIS 92925, at *8-9 (C.D. Cal.

20   May 22, 2024), citing Cal. Civ. Proc. Code § 425.16(e)(2); *Comstock v. Aber*, 212

21   Cal. App. 4th 931, 941, 151 Cal. Rprt. 589, 598 (2012) ("The law is that

22   communications to the police are within SLAPP."); *Salma v. Capon*, 161 Cal. App.

23   4th 1275, 1286, 74 Cal. Rprt. 3d 873, 882 (2008) (reports to police seeking "official

-4-

investigations into perceived wrongdoing, which might culminate in criminal prosecution or other official proceedings," constitute protected activity under section 425.16).

And while the only provision of the statute with a public forum requirement is section (e)(3), Defendant has also met that standard because of Plaintiff's allegations. Indeed, Plaintiff alleges that "Nashla published on social media, or caused his agents to publish, a letter on or about January 2025 claiming, directly or by implication, that Taping is a terrorist." (Doc. 1, at ¶ 17.) Therefore, per Plaintiff's own allegations, the letter constitutes "any written or oral statement or writing made in a place open to the public or a public forum…" And, while Plaintiff attempts to argue otherwise, statements regarding terrorism on U.S. citizens, extortion, and immigration fraud are issues of public interest. Therefore, Defendant is entitled to the protections of Cal. Code 425.16(e)(3).

The same necessarily applies to Cal. Code 425.16(e)(4), which only requires "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." This Court should find that Cal. Code. 425.16 applies and grant Defendant's Motion to Strike, or in the alternative, Motion to Dismiss with prejudice.

## III.  PLAINTIFF CANNOT ESTABLISH A LIKELIHOOD OF PREVAILING ON THE MERITS.

After this Court determines that Plaintiff's claim arises from Defendant's protected activity, the burden shifts to Plaintiff to show that he has a probability of

-5-

prevailing at trial. Indeed, "[t]he plaintiff must show the complaint is legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment at trial." (*Verges v. McNeal* (2007) 146 Cal.App.4th 1387, 1400 [53 Cal.Rptr.3d 647].)

But instead of arguing why his case has merit, Plaintiff relies on mentioning prior lawsuits – without attaching any evidence of the same. Whether or not Plaintiff is a terrorist or has terrorist associations, or has engaged in terrorist conduct, has never been fully adjudicated or decided by any court. Plaintiff anemically states that the burden has not shifted and does not establish why his claim has any merit whatsoever. As further explained, the burden has been shifted, Plaintiff's claim for defamation has no merit.

## IV.    PLAINTIFF'S DEFENSES ARE APPLICABLE AND MANDATE STRIKING PLAINTIFF'S COMPLAINT OR DISMISSING IT WITH PREJUDICE.

### A. The *Noerr-Pennington* Doctrine is Applicable To Plaintiff's Defamation Claim

Plaintiff attempts to argue that the *Noerr-Pennington* doctrine is inapplicable to claims of defamation in the Ninth Circuit. That is untrue, and this Court has recently applied the *Noerr-Pennington* doctrine to defamation claims. *See MG Premium LTD v. Does*, No. 2:21-cv-08533-MCS-KK, 2023 U.S. Dist. LEXIS 84275, at *8 (C.D. Cal. Apr. 10, 20230 ("the Court strikes Lundberg's defamation counterclaim for failing to raise any argument or allege sufficiently specific facts that may have satisfied the sham litigation exception to *Noerr-Pennington*.")

-6-

Further, Plaintiff's attempt to apply the "sham litigation," exception to the *Noerr-Pennington* doctrine fails. Plaintiff relies solely on the previous lawsuits to argue for the "sham litigation" exception but provides no evidence of any judgment on the merits that would prove the letter is a sham. Plaintiff couches this assertion in no cognizable legal theory or authority. There has been no finding or ruling presented which indicates any of the assertions contained in the letter were a "sham," or otherwise false. This argument should be disregarded in its entirety, and this Court should the *Noerr-Pennington* doctrine to Plaintiff's claim.

**B. Civil Code § 47(b)(5) Does Not Preclude Dismissal**

California Civil Code § 47(b) provides an absolute privilege for communications made in connection with actual or anticipated litigation. See *Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350 (2004). The January 2025 letter falls squarely within this doctrine. It references evidence central to pending or contemplated litigation, including Doe v. Taping and other actions prosecuted on behalf of ADF victims. The statements were made in direct furtherance of legal remedies—an activity at the core of the litigation privilege's protection.

While Plaintiff relies on the recent amendment contained in Cal. Civ. Code § 47(b)(5), that provision does not save his claim. Cal. Civ. Code § 47(b)(5) provides that "[t]his subdivision does not make privileged any communication between a person and a law enforcement agency in which the person makes a false report that another person has committed, or is in the act of committing, a criminal act or is

engaged in an activity requiring law enforcement intervention, knowing that the report

is false, or with reckless disregard for the truth or falsity of the report."

In this case, however, it is clear that the report is not false, and, even if it were

– it was not made knowingly. The entire record before this Court, which, as explained

below, may be reviewed in full, reveals that Plaintiff engaged in material support for

terrorist activities. Moreover, the record establishes that Defendant has a reasonable

belief that everything in the subject correspondence was accurate.

## V.    PLAINTIFF HAS FAILED TO MEET THE PLEADING STANDARD ON HIS DEFAMATION CLAIM.

### A.   Plaintiff Fails to Allege Actual Malice

As a self-acknowledged spokesperson for the ADF—a separatist militia

involved in armed conflict—Plaintiff is undeniably a limited-purpose public figure.

He has issued political directives, appeared in international news, and engaged in

livestreamed incitement. *See Gertz v. Welch*, 418 U.S. 323 (1974). Plaintiff must plead

actual malice. "Even at the pleading stage. Plaintiff 'must specifically allege actual

malice. A general allegation of malice will not suffice; plaintiff must allege detailed

facts showing [a] defendant's ill will towards him.'" *James v. Delta Airlines Inc*., No.

2:24-cv-10992-SVW, 2025 U.S. Dist. LEXIS 35736, at *11 (C.D. Cal. Feb. 27, 2025).

Beyond a basic recitation that Plaintiff "understood they were false," Plaintiff has not

satisfied this pleading standard. Plaintiff's Complaint offers no evidence that

Defendant knew any statements were false or acted with reckless disregard. It instead

1   rehashes prior political disagreements and seeks to discredit Defendant personally,

2   without addressing the governing legal standard.

3
    This Court should reject Plaintiff's bare-bones Complaint, and dismiss it with
4
5   prejudice pursuant to Civil Rule 12(b)(6).

6   **B.  Plaintiff Fails to Allege that the Publication Was Unprivileged**

7
    A clear element of defamation and mandated in the pleading standard is that
8
9   the communication is "not privileged." Indeed, "[t]o state a claim for defamation,

10  plaintiffs must plead: '(a) a publication that is (b) false, (c) defamatory, and (d)

11  **unprivileged** and that (e) has a natural tendency to injure or that causes special

12
    damage.'" *James*, 2025 U.S. Dist. LEXIS 35736, at *7 (emphasis added.) Plaintiff
13
14  fails to allege that the publication was "unprivileged." As such, Plaintiff has failed to

15  meet the pleading standards for his claim of defamation and it must be dismissed.

16  **VI.   CONCLUSION**

17
    For these reasons, Defendant respectfully request that this Honorable Court
18
19  grant Defendant's Motion to Strike, or, in the Alternative, Motion to Dismiss with

20  prejudice.

21  Date: June 3, 2025                    Respectfully Submitted,
22
    By: /S/   Jed Cheddi, Esq._____
23
    **Jed Chedid, Esq. (Ohio Bar No. 101457)**
24  (Admitted *Pro Hac Vice*)
    **Chedid & Co., LLC**
25  38355 Terrell Dr.
    North Ridgeville, Ohio, 44039
26  Phone: (440) 581-2075
    jchedid@chedidlegal.com
27
                                -9-
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NSAHLAI LAW FIRM**
**EMMANUEL NSAHLAI,** SBN (207588)
email: nsahlai.e@nsahlailawfirm.com
10490 WILSHIRE BLVD, STE 1600
LOS ANGELES, CA 90024
Tel (213) 797-0369
Fax (213) 973-4617

*Attorney for Defendant*

1
2

## <u>**CERTIFICATE OF SERVICE**</u>

3
4

I HEREBY CERTIFY that on June 3, 2025, I directed that the foregoing document be electronically filed with the Clerk of the Court by using the CM/ECF system.

5
6

By: /S/   Jed Chedid, Esq._____

7

**Jed Chedid, Esq. (Ohio Bar No. 101457)**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28